**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* S.B.

**No. 24-170** (Kanawha County 22-JA-228)

## MEMORANDUM DECISION

Petitioner Father M.B.,[1] appeals the Circuit Court of Kanawha County's November 6, 2023, order terminating his parental rights to S.B., arguing that the circuit court erred by denying him an improvement period and by failing to apply the least restrictive dispositional alternative.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

After initiating earlier proceedings involving children not at issue in this appeal, the DHS filed an amended petition in May 2022 alleging that the petitioner abused and neglected the newborn child due to the continuation of the severe domestic violence and drug use that led to the termination of his parental rights to three other children—which the DHS contended constituted an aggravated circumstance. At a June 2022 preliminary hearing, the petitioner requested services, but the guardian opposed his request due to the many years of services that had already been provided to him in prior proceedings. As such, the court ordered only that the petitioner participate in visits with the child after submitting negative drug screens. The petitioner was later adjudicated upon the allegations in the amended petition.

In May 2023, the DHS filed another amended petition alleging that the petitioner was arrested for battery, public intoxication, and disorderly conduct after drunkenly striking a

---

[1] The petitioner appears by counsel Michael M. Cary. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Kristen Ross. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Maggie J. Kuhl appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

convenience store employee who refused to sell him alcohol. The petition further alleged that he pled guilty to battery and was sentenced to one year of unsupervised probation. The petition noted that the petitioner continued to have the same substance abuse and violence issues that led to the termination of his rights to his other children. In a subsequent order, the court directed that the petitioner leave the mother's home, as his behavior hindered her improvements. The court held an adjudicatory hearing on the amended petition and, in its August 2023 order, adjudicated the petitioner of abusing and neglecting the child, noting his prior terminations and recent conviction for battery.

In September 2023, the circuit court held a dispositional hearing at which the mother testified that she and the petitioner still lived together and were still in a relationship. In the resulting order, the court determined the petitioner failed to remedy the conditions of abuse and neglect that led to the prior involuntary termination of his parental rights to his other children as evidenced by his recent conviction for battery and "blatant disregard" for court orders. Ultimately, the court found that the evidence showed that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination of the petitioner's parental rights was in the child's best interests. The court specifically found that the petitioner failed to follow through with a reasonable family case plan or other rehabilitative services and there were no reasonable, available, less drastic alternatives to termination of the petitioner's parental rights. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by not affording him a post-adjudicatory improvement period. However, "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) . . . unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021). Here, the petitioner fails to cite to any portion of the record demonstrating that he moved for an improvement period. This is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that a petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." As such, the petitioner is entitled to no relief.

The petitioner also argues that the circuit court erroneously terminated his parental rights because it did not implement the least restrictive alternative. However, "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding no reasonable

___

[3] The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). There is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan . . . as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child." *Id.* § 604(d)(3). Furthermore, "the minimum threshold of evidence necessary for termination" of parental rights is reduced when a parent's parental rights to another child were previously involuntarily terminated. Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999). Here, the court found that the petitioner did not comply with his case plan and failed to remediate the conditions of abuse and neglect—drug use and domestic violence— that led to the termination of his parental rights to his other children. The court further found that the child's best interests necessitated termination. Based upon evidence of the petitioner's continued violence and noncompliance with the court's directives, the court terminated his parental rights, and we decline to disturb its decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 6, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV